UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULETTE R. MURPHY-BARNES,

    Plaintiff,

    v.

BANK OF AMERICA CORPORATION, et al.,

    Defendants.

_____/

No. C 11-3172 PJH

**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT**

    Defendants' motion to dismiss the complaint, and plaintiff's motion for remand, came on for hearing before this court on November 9, 2011. Plaintiff Paulette R. Murphy-Barnes ("plaintiff") appeared pro se. Defendants Bank of America Corporation ("Bank of America") and Mortgage Electronic Registration Systems, Inc. ("MERS")(collectively "defendants"), appeared through their counsel, Page Perry. Having read the parties' papers and carefully considered both parties' oral arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion for remand, and DENIES defendants' motion to dismiss as moot, for the reasons stated at the hearing, and summarized as follows.

    A federal court may assert removal jurisdiction on the basis of federal question jurisdiction if the plaintiff's claims are either exclusively federal, or there is a separate and independent federal question raised in the complaint. See 28 U.S.C. § 1441; Lyons v. Alaska Teamsters Emp'r Serv. Corp., 188 F.3d 1170, 1172 (9th Cir. 1999). Here, defendants Bank of America and MERS assert federal subject matter jurisdiction based on plaintiff's second cause of action alleging Fair Credit Reporting Act violations, and plaintiff's fifth cause of action alleging violation of the Real Estate Settlement Procedures Act ("RESPA"). See Notice of Removal, ¶ 3. As plaintiff notes, however, defendants' failure to

join remaining defendant SCME Mortgage Bankers, Inc. ("SCME") in removal constitutes a bar to removal. While defendants assert that joinder of SCME is unnecessary due to the "separate and independent" nature of the second and fifth causes of action asserted against defendants – which finding would, if credited, allow for removal without SCME's consent – this argument is ultimately unpersuasive. As the Ninth Circuit has previously noted, the term "separate and independent claim or cause of action" under section 1441(c) has been narrowly construed to preclude removal jurisdiction on this basis where "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." Desert Empire Bank v. Ins. Co. of North Am., 623 F.2d 1371, 1377 (9th Cir. 1980). Here, the court concludes plaintiff has similarly alleged a single wrong for which relief is sought arising from an interlocked series of transactions – i.e., defendants' wrongful transfer of plaintiff's real property amongst themselves, wrongful charging of late fees, and allegations that defendants unlawfully "set plaintiff up" for unlawful foreclosure. Furthermore, although defendants assert that the second and fifth claims are stated solely against defendants Bank of America and MERS, the complaint itself makes no such distinction and alleges violations by all "defendants" collectively. See, e.g., Complaint ¶ 23 ("it remains unclear who exactly is the lender and/or the servicer"); id., ¶ 32 (alleging violations by "defendants"). Thus, there is no separate and independent claim or cause of action against the removing defendants alone under section 1441(c), and defendants' failure to join defendant SCME in removal prevents the court from properly asserting federal question jurisdiction over the action.

Accordingly, plaintiff's motion to remand the action to Alameda Superior Court is GRANTED. Defendants' accompanying motions to dismiss are furthermore DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: November 9, 2011

PHYLLIS J. HAMILTON
United States District Judge

2